*Pro Se 2 2022*

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
7

8  | Johnson, Robert, A |          CASE NO. 3:24-cv-05087-DGE
                                  [to be filled in by Clerk's Office]
9
                                  COMPLAINT AND REQUEST FOR
10                                INJUNCTION

11              Plaintiff(s),
         v.
12  | Raven Wood Homeowners Association |

13

    | Krieger, Carl, E |
14

15              Defendant(s).

16

17          **I.      THE PARTIES TO THIS COMPLAINT**

18  A.      Plaintiff(s)

19  *Provide the information below for each plaintiff named in the complaint. Attach
    additional pages if needed.*

20
         Name              Johnson, Robert A
21       Street Address    204 Ravenwood Rd
22       City and County   Kelso, Cowlitz
         State and Zip Code WA, 98626
23       Telephone Number  (843)475-6992

24

COMPLAINT AND REQUEST FOR INJUNCTION - 1

*Pro Se 2 2022*

B.      The Defendant(s)

*Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

Defendant No. 1

| | |
|---|---|
| Name | Raven Wood Homeowners Association |
| Job or Title *(if known)* | |
| Street Address | 785 N. Bodine Rd. |
| City and County | Kelso, Cowlitz |
| State and Zip Code | WA, 98626 |
| Telephone Number | |

Defendant No. 2

| | |
|---|---|
| Name | Krieger, Carl, E |
| Job or Title *(if known)* | |
| Street Address | 487 Ravenwood Rd. |
| City and County | Kelso, Cowlitz |
| State and Zip Code | WA, 98626 |
| Telephone Number | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

COMPLAINT AND REQUEST FOR INJUNCTION - 2

Pro Se 2 2022

1    Defendant No. 4

2        Name

3        Job or Title *(if known)*  _____

         Street Address  _____

4        City and County  _____

5        State and Zip Code  _____

         Telephone Number  _____

6

7

8                    **II.    BASIS FOR JURISDICTION**

9        Federal courts are courts of limited jurisdiction (limited power).  Generally, only two

10   types of cases can be  heard in federal court: cases involving a federal question and cases

11   involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under

12   the United States Constitution or federal laws or treaties is a federal question case.  Under 28

13   U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and

14   the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of

15   citizenship case, no defendant may be a citizen of the same State as any plaintiff.

16       What is the basis for federal court jurisdiction?  *(select all that apply)*

17       ☑  Federal question:              ☐  Diversity of citizenship:
            If checked complete section A.       If checked complete section B.

18       Fill out the paragraphs in this section that apply to this case.

19   A.    If the Basis for Jurisdiction Is a Federal Question

20       List the specific federal statutes, federal treaties, and/or provisions of the United States

21   Constitution that are at issue in this case. *Attach additional pages if needed.*

22   | 42 U.S. Code § 3602 |

23

24

COMPLAINT AND REQUEST FOR INJUNCTION - 3

*Pro Se 2 2022*

1   B.      If the Basis for Jurisdiction Is Diversity of Citizenship

2                   1.      The Plaintiff(s)

3                           a.   If the plaintiff is an individual.

4           The plaintiff (*name*) _____, is a citizen of the

5   State of (*name*) _____                    _____.

6                           b.   If the plaintiff is a corporation.

7           The plaintiff, (*name*) _____, is incorporated under

8   the laws of the State of (*name*) _____, is incorporated under

9   the laws of the State of (*name*) _____, and has its principal

10  place of business in the State of (*name*) _____.

11          *(If more than one plaintiff is named in the complaint, attach an additional page providing
    the same information for each additional plaintiff.)*

12

13                  2.      The Defendant(s)

14                          a.   If the defendant is an individual.

15          The defendant, (*name*) _____, is a citizen of the

16  State of (*name*) _____. Or is a citizen of

17  (*foreign nation*) _____.

18                          b.   If the defendant is a corporation.

19          The defendant, (*name*) _____, is incorporated under

20  the laws of the State of (*name*) _____, and has its principal

21  place of business in the State of (*name*) _____.

22          Or is incorporated under the laws of (*foreign nation*) _____,

23  and has its principal place of business in (*name*) _____.

24          *(If more than one defendant is named in the complaint, attach an additional page
    providing the same information for each additional defendant.)*

COMPLAINT AND REQUEST FOR INJUNCTION - 4

*Pro Se 2 2022*

1

### III.   THE AMOUNT IN CONTROVERSY

2    The amount in controversy – the amount the plaintiff claims the defendant owes or the

3    amount at stake – is more than $75,000, not counting interest and costs of court, because

4    *(explain). Attach additional pages if needed:*

5

6

7

8

### IV.   STATEMENT OF CLAIM

9

*Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as*
10   *possible the      facts showing that each plaintiff is entitled to the injunction or other relief sought.*
*State how each defendant was involved and what each defendant did that caused the plaintiff*
11   *harm or violated the plaintiff's rights, including the dates and places of that involvement or*
*conduct.  If more than one claim is asserted, number each claim and write a short and plain*
12   *statement of each claim in a separate paragraph.  Attach additional pages if needed.*

13   A.    Where did the events giving rise to your claim(s) occur?

Cowlitz County, Washington.
14

15

16

17   B.    What date and approximate time did the events giving rise to your claim(s) occur?

02/05/2022 at 1300 hours.
18

19

20

21   C.    What are the facts underlying your claim(s)? *(For example: what happened to you? Who*

22   *did what? Was anyone else involved? Who else saw what happened?)*

***See Attached***
23

24

COMPLAINT AND REQUEST FOR INJUNCTION - 5

*Pro Se 2 2022*

## V.      IRREPARABLE INJURY

*Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured. Attach additional pages if needed.*

1) a permanent injunction is requested so the Plaintiff can attend the Raven Wood Homeowners Association meeting viturally in March 2024.

2) a permanent injunction prohibiting the Raven Wood Homeowners Association from making any future changes or alterations to Ravenwood Road without following the proper building and planning procedures outlined in Cowlitz County Code is requested because the association announced on 1/24/24 plans to aggressively alter the roadway.

## VI.      RELIEF

*State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Attach additional pages if needed.*

**See Attached***

## VII.      CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my

knowledge, information, and belief that this complaint: (1) is not being presented for an improper

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or

reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so

identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the requirements of

Rule 11.

COMPLAINT AND REQUEST FOR INJUNCTION - 6

1    I agree to provide the Clerk's Office with any changes to my address where case-related

2    papers may be served. I understand that my failure to keep a current address on file with the

3    Clerk's Office may result in the dismissal of my case.

4    Date of signing:                    02/01/2024
     _____

5    Signature of Plaintiff              _____

6    Printed Name of Plaintiff           Robert A. Johnson
                                         _____

7

8    Date of signing:                    _____

9    Signature of Plaintiff              _____

10   Printed Name of Plaintiff           _____

11

12   Date of signing:                    _____

13   Signature of Plaintiff              _____

14   Printed Name of Plaintiff           _____

15

16

17

18

19

20

21

22

23

24

FACTUAL BACKGROUND:

*Reasonable accommodations request for the February 5, 2022 Raven Wood Homeowners Association Meeting:*

1.      On February 5, 2022, the Raven Wood Homeowners Association had its annual meeting to discuss and vote on matters pertaining to the properties listed in the covenants, conditions and restrictions for Ravenwood Heights.  The plaintiff, Robert A. Johnson's property is listed within the above-mentioned document.  The plaintiff's property is in an unincorporated area of Cowlitz County, Washington and Raven Wood Homeowners Association is registered as a nonprofit corporation in the state of Washington.

2.      *For clarification, Ravenwood Heights is the name listed for the association on the covenants, conditions and restrictions document and Raven Wood Homeowners Association is how the association is registered as a nonprofit corporation with the state of Washington.*

3.      The 2022 annual meeting was first announced on January 7, 2022 through the email ravenwoodhoa@yahoo.com. On January 10, 2022, the Plaintiff requested an accommodation to attend the meeting virtually because of several military-service connected medically documented physical or mental impairments which substantially limit one or more of the Plaintiff's major life activities.  The Plaintiff suggested the platform Zoom since it would allow other members with health issues or concerns to attend the meeting by way of video or by calling a phone number.

4.      The Plaintiff did not receive a response to his first email, so he emailed ravenwoodhoa@yahoo.com again on January 19, 2022.  This time he advised that he would file a complaint with the U.S. Dept. of Housing and Urban Development and the WA Human Rights Commission for the denial of a reasonable accommodation since the Plaintiff's previous email had been ignored.

5.      On January 25, 2022, then Raven Wood Homeowners Association president Carl Krieger responded to the Plaintiff through the ravenwoodhoa@yahoo.com email and informed the Plaintiff that he had again denied his requested accommodation as he had done for the 2021 association meeting.  Krieger advised the Plaintiff that he could set up equipment prior to the meeting to view the meeting remotely at his own expense but the Raven Wood Homeowners Association had "no obligation to have a remote meeting."

6.      Subsequent emails were exchanged between the Plaintiff and Krieger. The Plaintiff advised Krieger that he did not have the expertise to set up multimedia equipment to view the meeting remotely.  Krieger insisted that if the Plaintiff wanted to attend the meeting, the Plaintiff would either accept the accommodation Krieger chose for him or attend the meeting in-person.  Krieger refused to engage in an interactive process with the Plaintiff to find an alternative accommodation even after the Plaintiff provided Krieger with a message from his primary care doctor stating,

*"To whom it may concern:*

*Robert Johnson would benefit from being able to attend the meeting remotely to help reduce the risk of COVID-19 with his underlying health conditions.*

*Sincerely,*

*Marcus L. Asby, MD*

*Salmon Creek Internal Medicine"*

7.      Due to the plaintiff's above-mentioned medically documented physical and mental impairments and the unwillingness of the then President of the Raven Wood HOA to engage in an interactive process to find a mutually agreeable accommodation, the plaintiff has been unable to attend the yearly HOA meetings since 2020.

8.       Raven Wood Homeowners Association has continued to ignore and/or disregard the plaintiff's concerns when he has attempted to contact them about issues pertaining to the privately maintained road, the selective enforcement of the covenants, conditions and restrictions for Ravenwood Heights and stormwater runoff which has been damaging to the plaintiff's property.

9.      Presently, the plaintiff does not personally know any of the board members for the association and can only contact them through the ravenwoodhoa@yahoo.com email or by way of the association postal box.

10.     Due to the continued lack of communication, the plaintiff has exhausted all viable options before bringing this action forward.

### Alterations to Ravenwood Road:

11.     Due to the lack of communication and transparency from the Raven Wood Homeowners Association, the plaintiff has attempted to review HOA-planned construction projects which could be or have been damaging to the plaintiff's property through publicly available sources.

12.     From 2020 to present, the plaintiff has witnessed and observed the effects of the Raven Wood Homeowners Association's attempt to alter the crown of Ravenwood Road.

13.     The plaintiff has been unable to find a record that the Raven Wood Homeowners Association obtained a permit prior to altering the crown of Ravenwood Road.

14.     Prior to the most recent alteration by the Raven Wood Homeowners Association, Ravenwood Road transitioned from a normal crown to superelevated shape as the roadway banked away from the plaintiff's property.

15.     Raven Wood Homeowners Association has attempted to alter and eliminate the superelevation in front of an approximately 230-yard section of the plaintiff's property and change the roadway to a normal crown.

16.     This is significant and damaging to the plaintiff's property because this roadway alteration has changed the drainage of the roadway. Currently, there is no drainage ditch present on this section of the plaintiff's property, so the stormwater runoff now flows from Ravenwood Road down a hillside on the plaintiff's property unabated.

### Stormwater management and runoff from Ravenwood Road

17.     The association has directed stormwater runoff of approximately 0.2 miles of Raven Wood Homeowners Association maintained private drainage ditch that runs parallel to Ravenwood Road to terminate and drain onto approximately 0.8 acres of the plaintiff's property.

18.     This has caused the plaintiff to experience severe issues with erosion and oversaturation of the soil. This is also the location of the plaintiff's well which is used for household needs and drinking water.

19.     The plaintiff has asked the Raven Wood Homeowners Association to install a culvert under Ravenwood Road to transition stormwater runoff to the other drainage ditch running parallel to Ravenwood Road, but his concerns and requests were ignored.

20.     When the plaintiff performed a cursory search of public records, he was unable to find a Stormwater Management plan for Raven Wood Heights on file with Cowlitz County.

### *Selective enforcement of the covenants, conditions and restrictions for Ravenwood Heights:*

21.     From 2017 to present, the Raven Wood Homeowners Association has failed to keep an accurate list of properties and their respective owners within the boundaries of the community. This has allowed some owners to avoid paying dues while still using the association-maintained road.

22.     Since 2020, the Raven Wood Homeowners Association has allowed a member to operate a business within the community and host large events on their property. This type of business would violate the covenants, conditions and restrictions for Ravenwood Heights. The member's property is served by approximately 0.4 miles of private roadway and the business boasts that their property can handle up to 100 cars per event. The plaintiff is unaware of any changes to the CC&R and has not been made aware of how the road maintenance agreement was changed to fairly adjust for road maintenance costs due to the influx of vehicles to this business.

**CAUSE FOR ACTION:**

**Count I**

**Discrimination in the sale or rental of housing and other prohibited practices -**

**(42 U.S. Code § 3602(f)(2)):**

**As to all defendants**

23.     Paragraphs 1 through 10 are incorporated within for reference.

24.     Unfortunately, because of the Raven Wood Homeowners Association and Krieger's unwillingness to work with the plaintiff in good faith and enter an interactive process to find a mutually agreeable accommodation, the plaintiff was and continues to be deprived of the opportunity to address the association and vote on matters which directly affect his property.

25.     Further, Krieger's unwillingness deprived the plaintiff the peaceful enjoyment of his property.  The plaintiff is a disabled combat veteran whose disabilities have been linked to military service.  Krieger's actions caused the plaintiff to suffer humiliation, embarrassment and emotional and physical distress, including but not limited to frustration, anger, fear, anxiety, and helplessness.

**Count II**

**Private Road Standards – (Cowlitz County Code 12.10.020):**

**As to Raven Wood Homeowners Association**

26.     Paragraphs 11 through 16 are incorporated within for reference.

27.     The unpermitted alterations to Ravenwood Road have deprived the defendant of the functional use of sections of his property.  These changes have also caused the plaintiff to endure additional labor, materials costs and equipment costs / wear and tear to address the drainage and erosion issues.

**Count III**

**Standard of Care - (RCW 64.38.025(1)):**

**As to All Defendants**

28.     Paragraphs 1 through 22 are incorporated within for reference.

29.     Based on the failure to follow Federal, State, and County Code and the claim of failing to uniformly enforce the covenants, conditions and restrictions for Ravenwood Heights, it is alleged that the officers of the Raven Wood Homeowners Association have failed to exercise the degree of care and loyalty of a corporation.

**Count IV**

**Nuisance – (RCW 7.48.020)**

**As to Raven Wood Homeowners Association**

30.     Paragraphs 11 through 20 are incorporated within for reference.

31.     The Raven Wood Homeowners Association's failure to abate stormwater runoff from Ravenwood Road to the Plaintiff's property has deprived the Plaintiff of the peaceful enjoyment of approximately 0.8 acres of property while causing the plaintiff to endure additional labor, materials costs and equipment costs / wear and tear to address the drainage and erosion issues.

## Count V

### Infliction of Emotional Distress – (Common Law)

### As to All Defendants

32.     Paragraphs 1 through 10 are incorporated within for reference.

33.     The defendant, Carl Krieger, held a position of authority within the Raven Wood Homeowners Association and used that power to affect the plaintiff's interests.

34.     Krieger should have reasonably known from corresponding with the plaintiff that Krieger's abuse of positional authority was causing the defendant severe emotional distress.

35.     Krieger willfully disregarded the plaintiff's request for a reasonable accommodation under the 42 U.S. Code § 3602 and health concerns because Krieger found it to be "very difficult to have any organized discussions or debates over a computer or to keep order."

## Count VI

### Negligence – (Common Law)

### As to Raven Wood Homeowners Association

36.     Paragraphs 11 through 21 are incorporated within for reference.

37.     Raven Wood Homeowners Association failed to exercise the ordinary care of a reasonably careful person when the association made unpermitted changes to Ravenwood Road and failed to abate the stormwater runoff from affecting the plaintiff's property when the issue was brought to the attention of the association.

### PRAYER FOR RELIEF:

Wherefore, the plaintiff respectfully requests that the Court grant the following relief for Count I and Count V:

a.      a declaratory judgment finding that the actions of all Defendants violated 42 U.S. Code § 3602(f)(2);

b.      a declaratory judgment finding that the actions of all Defendants inflicted emotional distress upon the Plaintiff;

c.      a **permanent injunction** providing a virtual means for the Plaintiff to attend the next association meeting planned for March 2024 and prohibiting the Raven Wood Homeowners Association from illegal discrimination of members based on prohibited grounds listed within the Fair House Act of 1968 in the future;

d.      compensatory damages that would fully compensate the plaintiff for having to unjustly endure humiliation, embarrassment and emotional and physical distress because of the defendants callous and unlawful actions;

e.      punitive damages which would punish and deter the defendants from willfully discriminating and showing such indifference to others in the future;

Wherefore, the plaintiff respectfully requests that the Court grant the following relief for Count II, Count III, Count IV, and Count VI:

a.      a declaratory judgment finding that the actions of Raven Wood Homeowners Association violated Cowlitz County Code 12.10.020;

b.      a declaratory judgment finding that the actions of all Defendants violated RCW 64.38.025(1);

c.      a declaratory judgment finding that the actions of all Defendants violated RCW 7.48.020;

d.      a declaratory judgment finding that the actions of all Defendants were Negligent when the defendants made unpermitted changes to Ravenwood Road and failed to abate the stormwater runoff from affecting the plaintiff's property;

e.      a **permanent injunction** prohibiting the Raven Wood Homeowners Association from making any future changes or alterations to Ravenwood Road without following the proper building and planning procedures outlined in Cowlitz County Code;

f.      specific relief requiring the Raven Wood Homeowners Association to return Ravenwood Road to a state of repair that is compliant with Cowlitz County Code and as the court deems proper and just;

g.      compensatory damages, abatement and specific relief to restore the plaintiff's property, mitigate erosion and redirect stormwater runoff of Ravenwood Road away from the plaintiff's property in a way that is compliant with proper building and planning procedures outlined in Cowlitz County Code;

h.      compensatory damages that would fully compensate the plaintiff for the Raven Wood Homeowner Association's refusal to equally enforce the covenants, conditions and restrictions and protect value, attractiveness, and desirability of all lots within the community;

i.      reasonable fees, costs, and such other relief as this Court deems just and proper.