UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT A. JOHNSON,<br><br>               Plaintiff,<br>    v.<br><br>RAVEN WOOD HOMEOWNERS ASSOCIATION et al.,<br><br>               Defendant. | CASE NO. 3:24-cv-05087<br><br>ORDER ON MOTION TO EXTEND TIME TO ANSWER (DKT. NO. 12), MOTION FOR DEFAULT AGAINST RAVEN WOOD HOA (DKT. NO. 13), AND MOTION FOR DEFAULT AGAINST CARL E. KRIEGER (DKT NO. 14) |

      Plaintiff mailed requests to waive service to each Defendant on February 7, 2024. (Dkt. No. 6.) Defendant Raven Wood Homeowners Association ("HOA") waived service of the summons and complaint on February 23, 2024. (Dkt. No. 7.) Defendant Carl Krieger waived service of the summons and complaint on February 28, 2024. (Dkt. No. 11.) Neither Defendant has contested service.

      A defendant is required to file an answer to a complaint no later than 60 days from the date a request to waive service is mailed. Fed. R. Civ. P. 12(a)(1)(A)(ii). Notwithstanding, a

ORDER ON MOTION TO EXTEND TIME TO ANSWER (DKT. NO. 12), MOTION FOR DEFAULT AGAINST RAVEN WOOD HOA (DKT. NO. 13), AND MOTION FOR DEFAULT AGAINST CARL E. KRIEGER (DKT NO. 14) - 1

court for good cause may extend the time to file an answer to a complaint. Fed. R. Civ. P. 6(b)(1).

In this case, the Defendants' answers were due on April 7, 2024 (60 days from February 7, 2024).

### A. HOA's Answer and Plaintiff's Motion for Default

On April 5, 2024, the HOA's president, Jim Hutchinson, informed the Court the HOA's efforts to retain an attorney. (Dkt. No. 12.) Hutchinson sought an extension on behalf of the HOA to hire an attorney and to file an answer to Plaintiff's Complaint. (*Id*.) On April 9, 2024, Plaintiff filed a motion for default against the HOA. (Dkt. No. 13.) On April 16, 2024, attorney Dainen Penta, entered an appearance on behalf of the HOA. (Dkt. No. 16.) On April 27, 2024, the HOA filed its answer to the Complaint. (Dkt. No. 17.)

Under these circumstances, the Court finds good cause to grant the HOA's request for an extension. The Court recognizes Plaintiff's concerns that Hutchinson's letter was not properly filed because Hutchinson is not an attorney. (Dkt. No. 15 at 2.) However, there is no prejudice to Plaintiff in allowing the HOA to file an answer given the brief lapse in time from the date the answer was originally due and the date an answer was filed. And "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Pers. Check No. 730 of Yubran s. Mesle*, 615 F.3d 1084, 1091 (9th Cir. 2010) (quotation omitted).

Accordingly, the Court GRANTS the HOA's request for an extension (Dkt. No. 12) and denies Plaintiff's motion for default (Dkt. No. 13) against the HOA.

### B. Plaintiff's Motion for Default Against Krieger

ORDER ON MOTION TO EXTEND TIME TO ANSWER (DKT. NO. 12), MOTION FOR DEFAULT AGAINST RAVEN WOOD HOA (DKT. NO. 13), AND MOTION FOR DEFAULT AGAINST CARL E. KRIEGER (DKT NO. 14) - 2

In contrast to the efforts the HOA made to request an extension (and its subsequent filing of an answer), Krieger has made no effort to answer or defend against Plaintiff's complaint. Mr. Penta's notice of appearance was filed on Krieger's behalf (in his official capacity only) (*see* Dkt. No. 16), but Krieger did not previously request an extension to file an answer and the answer Mr. Penta filed was filed only on behalf of the HOA (*see* Dkt. No. 17).

"When a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Accordingly, Plaintiff's motion for default against Krieger (Dkt. No. 14) is GRANTED.

Dated this 24th day of May 24, 2024.

David G. Estudillo
United States District Judge