UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT A JOHNSON,<br><br>                    Plaintiff,<br>         v.<br><br>RAVEN WOOD HOMEOWNERS ASSOCIATION, et al.,<br><br>                    Defendants. | Case No. 3:24-cv-05087-TLF<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on the Court on Plaintiff Robert A. Johnson's[1] motion to compel discovery. Dkts. 26, 27. Defendant Raven Wood Homeowners Association ("Raven Wood HOA") filed a response. Dkt. 29. Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES Mr. Johnson's motion for the reasons discussed below.

## BACKGROUND

On August 19, 2024, Mr. Johnson served requests for production on Raven Wood HOA. Dkt. 26-1. Mr. Johnson requested an update from Raven Wood HOA on September 18, 2024, and September 23, 2024, regarding its responses to his discovery requests. Dkt. 26-2 at 5, 7. Counsel for Raven Wood HOA emailed Mr. Johnson on September 23, 2024, stating that his requests for production do not comply with Federal

---
[1] Plaintiff is proceeding *pro se* in this matter.

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 1

1  Civil Rule of Procedure 34(b)(2)(C), but Raven Wood HOA will provide documents that
2  are responsive, so long as they are not privileged, confidential, or otherwise exempt
3  from disclosure. Dkt. 26-2 at 9. Counsel requested a 30-day extension to produce
4  documents. Counsel further requested that Mr. Johnson agree to voluntarily dismiss the
5  matter. *Id.*

6  On September 24, 2023, Mr. Johnson informed Raven Wood HOA that he does
7  not intend on dismissing the case and will be submitting a motion to compel discovery
8  with the "likely noting date of October 11, 2024." Dkt. 26-2 at 18. Raven Wood HOA
9  responded later that day that it will provide formal responses and objections to Mr.
10 Johnson's requests later that week along with relevant emails and documents that the
11 HOA still has in its possession. Dkt. 26-2 at 17.

12 On September 24, 2024, Mr. Johnson filed the instant motion to compel
13 discovery responses. Dkt. 26.

14                                            **DISCUSSION**

15     **A. Plaintiff's Motion to Compel**

16     Discovery motions are strongly disfavored. However, if the parties are unable to
17 resolve their discovery issues, the requesting party may move for an order to compel.
18 Fed. R. Civ. P. 37(a)(1). Any such motion must contain a certification "that the movant
19 has in good faith conferred or attempted to confer with the person or party failing to
20 make disclosure or discovery in an effort to resolve the dispute without court action."
21 W.D. Wash. Local Civ. R. 37(a)(1).

22     "A good faith effort to confer with a party or person not making a disclosure or
23 discovery requires a face-to-face meeting or a telephone conference." *Id.* The party

24

25

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 2

1  requesting a motion to compel must also show that their efforts to meet and confer
2  resulted in a genuine impasse. *See Advanced Hair Restoration, LLC v. Hair Restoration*
3  *Ctrs., LLC*, C17-0709-RSM, Dkt. No. 29 at 3 (W.D. Wash. 2018) (denying motion to
4  compel because "[t]here is no evidence that the parties reached an impasse").
5        The goal of Local Civil Rule 37(a)(1) is to encourage parties to resolve discovery
6  disputes without unnecessarily involving the Court. That goal can be accomplished only
7  if parties make a genuine effort to discuss their disputes face-to-face or over the
8  phone. *See* W.D. Wash. Local Civ. R. 37(a)(1). In cases where the plaintiff is not
9  represented by an attorney, he is still required to read and comply with the Local Rules,
10 the Federal Rules of Civil Procedure, and the court's orders. *See McNeil v. United*
11 *States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in
12 ordinary civil litigation should be interpreted so as to excuse mistakes by those who
13 proceed without counsel.").
14       Here, although Mr. Johnson included a certification that he met and conferred
15 with Raven Wood HOA, the record shows that Mr. Johnson did not genuinely engage
16 with Raven Wood HOA regarding their discovery disputes as required under Local Civil
17 Rule 37 and Federal Civil Rule of Procedure 37 prior to filing the motion. Mr. Johnson
18 states he met with counsel for Raven Wood HOA in person on May 30, 2024, during
19 which Raven Wood HOA "reviewed the property" of the HOA President's home. Dkt. 31
20 at 2. This May 30, 2024, meeting does not constitute a good faith effort to meet and
21 confer.
22       This meeting occurred before the date on which Mr. Johnson served his
23 discovery requests, which led to the discovery dispute currently before the Court. The
24
25

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 3

correspondence attached to the motion between counsel for Raven Wood HOA and Mr. Johnson indicates Mr. Johnson did not suggest a meet and confer at all. Mr. Johnson's actions, therefore, were not a "good faith ... attempt[ ] to confer" with Defendant. *See* W.D. Wash. Local Civ. R. 37(a)(1).

Accordingly, Mr. Johnson's motion to compel is premature and is dismissed without prejudice. This means Mr. Johnson may refile the motion but only if any such motion complies with Local Civil Rule 37.

**B.  Defendant's Request for Attorney's Fees**

Raven Wood HOA requests the Court to order Mr. Johnson to pay its attorney fees incurred in having to respond to the motion to compel. Dkt. 29. Raven Wood HOA states its estimated attorney fees including time to prepare its opposition are $2,500. *Id.* at 5.

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), if a discovery motion is denied, "the court ... *must*, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). *See also Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (a court cannot decline to impose sanctions simply because a plaintiff is proceeding pro se).

There is no declaration or other evidence to support the amount of the fees requested. Raven Wood HOA is ORDERED to file a declaration attaching sufficient evidence to show the hourly rates of its attorneys and whether those hourly rates are

reasonable rates in the Western District of Washington for work of similar complexity by attorneys with comparable skill and reputation. As part of any such declaration, Raven Wood HOA must include any appropriate documentation substantiating the actual fees and costs expended in opposing this motion to compel and as well as the fees and costs expended in preparing the to-be-filed declaration and any exhibits thereto. Raven Wood HOA should submit this declaration no later than December 16, 2024.

      Mr. Johnson is ORDERED to file any opposition to the imposition of a monetary award on or before January 3, 2025.

Dated this 2nd day of December, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 5