UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT A JOHNSON,<br><br>     Plaintiff,<br>v.<br><br>RAVEN WOOD HOMEOWNERS ASSOCIATION, et al.,<br><br>     Defendants. | Case No. 3:24-cv-05087-TLF<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

Plaintiff moves for reconsideration of this Court's order denying his motion to compel discovery without prejudice. Dkts. 32, 33.

"Motions for reconsideration are disfavored." Local Civil Rule (LCR) 7(h)(1). Such motions must be denied absent a showing of "manifest error in the prior ruling[,] ... new facts or legal authority which could not have been brought to the [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* "Whether or not to grant reconsideration is

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Court denied Mr. Johnson's motion to compel because the Court found that he did not satisfy that meet and confer requirement under Local Civil Rule 37(a)(1), which requires the parties to make a genuine effort to discuss their disputes face-to-face or over the phone. As the Court stated in its order, although Mr. Johnson included a certification that he met and conferred with Raven Wood HOA, the record shows that Mr. Johnson did not genuinely engage with Raven Wood HOA regarding their discovery disputes as required under Western District of Washington Local Civil Rule (LCR) 37 and Federal Civil Rule of Procedure 37 prior to filing the motion. *See* Dkt. 32.

The parties exchanged an email on September 24, 2024, the date on which Mr. Johnson filed the motion to compel, but the rule requires a face-to-face conversation or phone call. Mr. Johnson again reiterates that he met with counsel for Raven Wood HOA in person in May 2024, but these meetings occurred before the date on which Mr. Johnson served his discovery requests, which led to the discovery dispute currently before the Court.

//

//

//

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION - 2

1  Mr. Johnson has failed to show manifest error in the Court's prior ruling, or new
2  facts or legal authority which could not have been brought to the Court's attention
3  earlier, which is a requirement under Local Civil Rule 7(h). Thus, Mr. Johnson's motion
4  is DENIED.
5  Dated this 10th day of February, 2025.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION - 3