UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT A JOHNSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>RAVEN WOOD HOMEOWNERS ASSOCIATION, et al.,<br><br>                    Defendants. | Case No. 3:24-cv-05087-TLF<br><br>ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ORDER TO SHOW CAUSE ON BENCH TRIAL |

This matter comes before the Court on Defendants' motion for summary judgment. Dkt. 37. Plaintiff Robert Johnson instituted this action against Raven Wood Homeowners Association ("Raven Wood HOA") and Carl E. Krieger, alleging Raven Wood HOA discriminated against Mr. Johnson on the basis of his disability and failed to provide a reasonable accommodation in violation of the Fair Housing Act ("FHA"). Mr. Johnson also raises several state and county law claims. Dkt. 1.

Defendants assert: (1) Mr. Johnson's FHA claim is time-barred under the two-year statute of limitations applicable to actions commenced under the FHA; (2) even assuming Mr. Johnson's claim is not barred by the statute of limitations, he has not met the elements to show liability under the FHA; and (3) the Court should decline to exercise supplemental jurisdiction over Mr. Johnson's state law claims. Dkt. 37.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND ORDER TO SHOW CAUSE ON
BENCH TRIAL - 1

Having reviewed the papers submitted and oral arguments of the parties, the Court DENIES Defendants' motion for summary judgment on Mr. Johnson's FHA claim and declines to exercise supplemental jurisdiction over Mr. Johnson's state law claims.

The Court, as discussed below, finds Mr. Johnson's complaint was timely filed within two years after the occurrence of the allegedly discriminatory act.

There is a genuine dispute of material fact whether Mr. Johnson's condition would be within the statutory definition of "handicap,"[1] whether Defendants knew or should have known of Mr. Johnson's condition, whether his accommodation request was necessary and reasonable, and whether Defendants denied his request.

Finally, the Court declines to exercise supplemental jurisdiction over Mr. Johnson's state and county law claims – with one exception – Count V, common law infliction of emotional distress. As to the other Counts II through IV, and VI, there is not a common nucleus of operative fact between the state and federal claims.

## SUMMARY JUDGMENT STANDARD

In general, the Court will "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[A] party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for

---

[1] Although the statutory language uses the term "handicap", the Court will use the term "disability" in the rest of this opinion.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND ORDER TO SHOW CAUSE ON
BENCH TRIAL - 2

its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party meets its burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must "show[ ] that the materials cited do not establish the absence ... of a genuine dispute" or "cit[e] to particular parts of ... the record" that show there is a genuine dispute. Fed. R. Civ. P. 56(c)(1). When analyzing whether there is a genuine dispute of material fact, the "court must view the evidence 'in the light most favorable to the opposing party.' " *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

A pro se litigant's pleadings must be read more liberally than pleadings drafted by counsel. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972). When a plaintiff proceeds pro se and technically violates a rule, the court should act with leniency toward the pro se litigant. *Draper v. Coombs,* 792 F.2d 915, 924 (9th Cir.1986); *Pembrook v. Wilson,* 370 F.2d 37, 39–40 (9th Cir.1966). That said, "a pro se litigant is not excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst,* 227 F.3d 1104, 1107–08 (9th Cir.2000) (citations omitted).

If a non-prisoner, pro se litigant submits a filing under penalty of perjury, courts must consider it as evidence. *See e.g.*, *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (courts should consider as evidence in opposition to summary judgment all of a pro se plaintiff's "contentions offered in motions and pleadings, where such contentions

ORDER ON DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND ORDER TO SHOW CAUSE ON
BENCH TRIAL - 3

are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the pro se plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." (citations omitted)). Because Mr. Johnson's opposition to Raven Wood HOA's summary judgment is signed under penalty of perjury, the more liberal rule articulated in *Jones* will be applied .

## FACTUAL BACKGROUND

Mr. Johnson purchased a home in a rural community, Ravenwood Heights, located in Kelso, Washington in 2017. Dkt. 38, Declaration of Dainen N. Penta, Dkt. 38-1 at 24, Exh. D. Raven Wood HOA is a nonprofit corporation that meets at least once a year to elect members to the Board of Directors, to determine the funds necessary for the maintenance of the road and gate, and to conduct other regular business of the HOA. *Id.* at 15-19, Exh. B, C.

A draft agenda for the 2022 annual meeting was emailed to Mr. Johnson (and other homeowners) on January 7, 2022. Dkt. 40, Declaration of Carl Krieger, Dkt. 40-1 at 7-8, Exh. A. On January 10, 2022, Mr. Johnson emailed the Raven Wood HOA email address:

> I would like to request the reasonable accommodation of providing (sic) the meeting remotely through the free Zoom application. No person would have to be physically present at the grange for this medium to function and it would allow association members with disabilities an opportunity to attend the meeting during the continuing global pandemic.

*Id.* at 6.

This was not the first time Mr. Johnson had asked for a virtual option to attend the HOA meeting. He first requested an accommodation to attend the annual HOA

meeting virtually in 2021. Dkt. 40, Krieger Decl. at ¶16-17; Dkt. 42, Plaintiff's Opposition, at 13.

After receiving no response to his email, Mr. Johnson followed up with the HOA on January 19, 2022. He wrote, in part:

> Based on the time that has lapsed since my previous email, I assume my request for an accommodation was ignored. For this reason, I will be filing a complaint with the U.S. Dept. of Housing and Urban Development and the WA Human Rights Commission for the denial of a reasonable accommodation that would allow for me to be present at the HOA meeting. My hope is to have this issue addressed and resolved prior to the meeting so that I may attend.

Dkt. 40-1 at 3, Exh. A.

Carl Krieger responded to Mr. Johnson's emails on January 25, 2022, stating, "If you would like to set something up prior to the meeting the secretary would be more than happy to meet you at or arrange for you to go to the grange hall to set something up." *Id.* Mr. Krieger further wrote that the HOA has "no obligation to have a remote meeting but are willing to let you set something up." *Id.*

Mr. Johnson responded that afternoon. He informed Mr. Krieger that he did not have the type of multimedia equipment or skills to set up and stream the meeting virtually, outside of Zoom, and reiterated that he would pay for the Zoom subscription and did not understand why his request was being denied. Dkt. 40-1 at 2.

On January 28, 2022, Mr. Krieger wrote to Mr. Johnson, "But you have never been denied. You were told if you want to set it up we would arrange a time for you to set it up." Mr. Krieger also stated, "If you want to set up a zoom go ahead." *Id.* Mr. Krieger explained the HOA also does not have multimedia equipment. *Id.* Mr. Krieger stated that the HOA was made up of only three persons, board members who serve

without pay for three years. *Id.* He told Mr. Johnson the meeting would be "done in person due to the fact that there is know [sic] legal reason not to. But again, we are willing to meet with anyone before the meeting to let you set something up for you to attend remotely." *Id.*

Another email communication from Mr. Johnson to Mr. Krieger occurred on January 29, 2022. Dkt. 42-1 at 23-25 (Exh. 15)[2]. Mr. Johnson emphasized that his accommodation request would not be a financial or administrative burden to the HOA. *Id.* He suggested that HOA members could download the Zoom platform onto their own smartphones or computers, or call into the meeting with a meeting code. *Id.* Mr. Johnson also copied a note from his primary care physician onto the body of the email where his doctor states, "Mr. Johnson would benefit from being able to attend the meeting remotely to help reduce the risk of COVID-19 with his underlying health conditions." *Id.*

Raven Wood HOA's annual meeting took place on February 5, 2022, at 1:00 p.m., at the Rose Valley Grange. Dkt. 40 at ¶ 22; *see also* Dkt. 39 ¶ 34. Defendants claimed there was no WIFI at this location and cell service was "spotty." Dkt. 39 at ¶35. Mr. Johnson did not attend the February 2022 meeting. Dkt. 40 at ¶23; Dkt. 39 at ¶31; Dkt. 1 at 9.

Mr. Johnson did not attend the annual HOA meeting in 2023. Dkt. 42 at 8. Raven Wood HOA was administratively dissolved by the State of Washington from February 9, 2023 to December 19, 2023. Dkt. 42-1 at Exh. 16.

---

[2] Defendants claim Mr. Johnson did not respond to the January 28, 2022, email from Mr. Kreiger in their moving papers.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND ORDER TO SHOW CAUSE ON
BENCH TRIAL - 6

On February 1, 2024, Mr. Johnson filed his complaint against the HOA and Mr. Krieger alleging Defendants violated the Fair Housing Act (42 U.S.C. 3602(f)). He also alleges Raven Wood HOA violated private road standards under Cowlitz County Code 12.10.020, the standard of care under RCW 64.3.025(1), caused Mr. Johnson nuisance under RCW 7.48.020, acted negligently and inflicted emotional distress on Mr. Johnson. Dkt. 1.

## FAIR HOUSING ACT

The FHA makes it illegal to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). Under 42 U.S.C. § 3604(f)(3)(B), discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."

The FHA contains a two-year statute of limitations. 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice ... whichever occurs last."). The Act also contains a tolling provision: "The computation of such 2–year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice." 42 U.S.C. § 3613(a) (1)(B).

In general, a statute of limitations will begin to run when "the plaintiff has a 'complete and present cause of action.'" *Reed v. Goertz,* 598 U.S. 230, 235-236 (2023) (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.,* 522 U.S. 192, 201 (1997). The Court clarified in *Reed v. Goertz* that a determination of when the complete and present cause of action has occurred means the Court must focus on the "specific constitutional right alleged to have been infringed." *Id.* at 236. For example, in *Reed v. Goertz,* the plaintiff was asserting their due process rights were violated by the State's procedures for considering a DNA testing request, and the Court held the claim was complete when the litigation ended because that was the point where defendant's appellate process (which could have corrected the procedural error) came to an end and failed to give plaintiff due process. *Id.* at 237.

Raven Wood HOA argues Mr. Johnson's complaint, filed on February 1, 2024, is time-barred because the two-year statute of limitations under the FHA expired at the latest, on January 28, 2024. Dkt. 37. Raven Wood HOA claims the alleged discriminatory act occurred on January 28, 2022, the date of the last communication from Carl Krieger to Mr. Johnson communicating the HOA's decision about Mr. Johnson's accommodation request.

Mr. Johnson refutes this point and argues the last discriminatory act occurred on February 5, 2022, the date on which the annual HOA meeting occurred. Dkt. 42.

Plaintiff's argument is consistent with the Court's analysis of the accrual date in *Reed v. Goertz*. The alleged discriminatory housing practice occurred, at the latest, on February 5, 2022 – the date on which the meeting occurred and the HOA's decision to not allow a Zoom meeting by phone was implemented. Because Mr. Johnson filed his

ORDER ON DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND ORDER TO SHOW CAUSE ON
BENCH TRIAL - 8

complaint February 1, 2024, his complaint was timely. While the communication that occurred on January 28, 2022 was one act that is relevant to the issue of whether a reasonable accommodation was offered, until a meeting was held, any cause of action was not fully formed. Hypothetically, if the meeting had not occurred at all, or if on February 5, 2022 the Defendants had ultimately set up the meeting in a format that Plaintiff would have been able to join or had given Plaintiff an opportunity to attend by Zoom, then any violation at an earlier date would have been cured. Similar to the Court's analysis in *Reed v. Goertz,* the right that Mr. Johnson claims was violated was the right to attend the HOA meeting and the right of access to participate in the meeting with a reasonable accommodation. The meeting itself was the act that created the start date for the accrual of the statute of limitations.

      Federal courts have recognized three general types of claims under the FHA: (1) intentional discrimination claims (also called disparate treatment claims); (2) disparate impact claims; and (3) claims that a defendant refused to grant a protected person or persons a reasonable accommodation. *See, e.g.*, *Cmty. Services, Inc. v. Wind Gap Municipal Auth.,* 421 F.3d 170, 176 (3d Cir.2005). In this case, M. Johnson seeks relief under "reasonable accommodation" theory.

      To establish a claim under the FHA for a party's failure to provide a reasonable accommodation, the plaintiff must show all of the following:

      (1) that the plaintiff or his associate is disabled within the meaning of 42 U.S.C. § 3602(h);

      (2) that the defendant knew or should reasonably be expected to know of the disability;

(3) that accommodation may be necessary to afford the disabled person an equal opportunity to use and enjoy the dwelling;

(4) that the accommodation is reasonable; and

(5) that defendant refused to make the requested accommodation.

*DuBois v. Assoc. of Apartment Owners of 2987 Kalakaua,* 453 F.3d 1175, 1179 (9th Cir.2006). The Court considers each element in turn.

**1. Disability under 3602(h) and Defendants Knowledge of Mr. Johnson's Disability**

A disability is (1) a physical or mental impairment which substantially limits one or more of such person's major life activities; (2) a record of having such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 3602(h). Under the FHA, a "physical or mental impairment" is any mental or psychological disorder, including "emotional illness." 24 C.F.R. § 100.201(a) (defining terms under the FHA). "Major life activity" means activities that are of central importance to daily life, such as caring for one's self, performing manual tasks, speaking, breathing and working. 24 C.F.R. § 100.201(b).

Raven Wood HOA claims Mr. Johnson has produced no evidence that he is disabled. Yet Mr. Krieger states, "When the COVID pandemic was at its height in 2020, Dusty reached out to Mr. Johnson by email to make sure he know about the annual meeting. Mr. Johnson wrote back and said he wouldn't be attending in person 'because of the pandemic. I'm at high risk because of whatever I was exposed to in the Middle East and my wife works with oncology patients.' Dusty forwarded this email to me." Dkt. 40, Declaration of Carl E. Krieger, at 4, ¶15; see also, Dkt. 42-1 at 36 (email from Robert Johnson to Dusty Schuler dated 10-20-2020). The HOA also concedes Mr.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND ORDER TO SHOW CAUSE ON
BENCH TRIAL - 10

Johnson provided the HOA with the contents of a note from his primary care physician, Dr. Marcus Asby, stating Mr. Johnson would benefit from attending the meeting remotely to help reduce the risk of COVID-19 with his underlying health conditions.

Even though the HOA concedes they had the information from Dr. Asby, Defendants claim that the actual note from Dr. Asby was never provided to them. Mr. Johnson also informed Mr. Krieger through their email correspondence on January 19, 2022 that Mr. Johnson's health conditions increased the risks for him to attend the annual meetings in person because of the ongoing pandemic. Dkt. 42-1 at 27. The HOA argues that this could not demonstrate Mr. Johnson's disability; but the HOA cites no authority or case law to demonstrate that emails from Mr. Johnson in 2020 and 2022 about a health condition from exposure to "whatever I was exposed to in the Middle East", along with the information from Dr. Asby, even if the note itself was not given to them, was insufficient.

Case law supports Plaintiff's position that his communication to the HOA was sufficient to create a genuine dispute of material fact. *See, e.g., Neithamer v. Brenneman Property Services, Inc.*, 81 F.Supp.2d 1 (D.D.C. 1999) (holding that requiring a plaintiff to show definitive proof of a defendant's perceptions of his disability at the summary judgment stage creates an "impossible burden of proof, one that is inappropriate at the prima facie stage."); *Gonzalez v. Recht Fam. P'ship*, 51 F. Supp. 3d 989, 991 (S.D. Cal. 2014) (finding plaintiff made a prima facie case she suffers from a disability after presenting her own declaration stating she suffers from a traumatic brain injury and a letter from a Fair Housing Director stating plaintiff has "serious health issues and requires a parking spot for her own well-being."); *McClendon v. Bresler*, No.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND ORDER TO SHOW CAUSE ON
BENCH TRIAL - 11

23-55378, 2024 WL 2717406, at *1 (9th Cir. May 28, 2024) ("a defendant's actual or constructive knowledge does not require an affirmative disclosure of a prospective tenant's disability").

In response to Defendants' summary judgment motion, Mr. Johnson submitted documents showing that he is a disabled combat veteran classified by the U.S. Department of Veterans Affairs and suffers from PTSD, general anxiety disorder, asthma, and normocomplementemic urticarial vasculitis[3]. Dkt. 42-1 at Exh. 12, Exh. 17. The Defendants object, and state that these documents were not disclosed in discovery. The Court notes that there is nothing in the record that shows the documents from the Department of Veterans Affairs, or the health records, were turned over by Plaintiff to the Defendants in discovery. Moreover, nothing in the record shows Defendants were aware of these documents during the period leading up to the meeting of the HOA on February 5, 2022. Therefore, the Court will not consider this evidence, because it is inadmissible.

The Court finds there exists a genuine dispute of material facts. While it appears Mr. Johnson gave Defendants information about the existence of a disability, it is unclear whether his disability substantially limits one or more of his major life activities as required to fall within the FHA protected class. Facts relevant to a determination of

---

[3] Defendants state these medical documents were not provided to them during discovery despite Defendants request that all relevant medical documents be provided. Mr. Johnson attached his responses to Defendants' discovery requests to his response to Defendants' summary judgment motion. When asked to produce medical records relating to his disability, Mr. Johnson answered "sufficient documentation for the requested accommodation has already been provided. Additional medical records are unnecessary and inappropriate for this case." Dkt. 42-1 at Exh. 22, p. 63. Defendants did not move to compel more detailed responses after Mr. Johnson served his responses in October 2024.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND ORDER TO SHOW CAUSE ON
BENCH TRIAL - 12

the nature and severity, impact, and duration of the alleged impairments are in dispute, precluding summary judgment on this issue.

And there is a genuine dispute of material fact whether Mr. Johnson had a disability that substantially limited major life activities, and whether Defendants were provided enough information such that they reasonably should have known, or did know about the disability.

### 2. Mr. Johnson's Request for an Accommodation and Defendants' Refusal

The remaining elements of a failure-to-accommodate claim under the FHA require Mr. Johnson to establish that he requested a reasonable and necessary accommodation and that Defendants refused that request.

An accommodation is necessary when there is evidence showing that the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability. *See Smith v. Powdrill*, 2013 WL 5786586, at *6 (C.D.Cal. Oct. 28, 2013); *Book v. Hunter*, 2013 WL 1193865 (D.Or. Mar. 21, 2013) ("[T]here must be an identifiable relationship, or nexus, between the requested accommodation and the individual's disability."). *See also* Joint Statement on Reasonable Accommodations Under the FHA ["Joint Statement"] at 6 (May 17, 2004)[4].

Mr. Johnson claims his requested accommodation, i.e., that the HOA provide remote or virtual access to annual meetings, was necessary in light of his underlying health conditions and his high risk for complications if he contracted COVID-19.

---

[4] *See Pfaff v. U.S. Dep't of Hous. & Urban Dev.*, 88 F.3d 739, 747 (9th Cir.1996) ("[HUD's] interpretation of the FHA 'ordinarily commands considerable deference' because 'HUD [is] the federal agency primarily assigned to implement and administer Title VIII.' ").

ORDER ON DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND ORDER TO SHOW CAUSE ON
BENCH TRIAL - 13

1   Defendants, in their motion for summary judgment, state that Mr. Johnson's requested
2   accommodation was unnecessary -- but they make only a conclusory allegation.
3          Given that there is a genuine issue of material fact regarding Mr. Johnson's
4   disability, the Court cannot determine whether there is a relationship between his
5   requested accommodation and his disability. Thus, there is a dispute of material fact as
6   to whether Mr. Johnson's requested accommodation was necessary.
7          An accommodation is reasonable under the FHA when it imposes no
8   fundamental alteration in the nature of the program or undue financial or administrative
9   burdens. *Giebeler v. M & B Associates*, 343 F.3d 1143, 1157 (9th Cir.2003). The history
10  of the FHA establishes that defendants may have to shoulder certain costs, so long as
11  they are not unduly burdensome. *United States v. California Mobile Home Park Mgmt.*
12  *Co.*, 29 F.3d 1413, 1416 (9th Cir.1994). Plaintiff bears the burden of showing that a
13  requested accommodation "seems reasonable on its face." *Giebeler,* 343 F.3d at 1156.
14         Defendants claim Mr. Johnson's requested accommodation presented an undue
15  administrative burden on the HOA. Dkt. 37 at 16-17. Defendants state the limited
16  resources, small size of the board, difficulty in finding volunteers to serve on the board,
17  and rural location of the HOA, made Mr. Johnson's request to provide a remote or
18  virtual option to attend the HOA meeting too burdensome and objectively unreasonable.
19  Defendants also point out that the location chosen for the annual board meeting in
20  2022, the Rose Valley Grange, had limited internet service or cellular service.
21         Mr. Johnson argues his requested accommodation was reasonable. He contends
22  the HOA's preference for having in-person meetings was not a sufficient reason to deny
23  his request. He contends the HOA is unjustified in claiming that limited financial
24
25  ORDER ON DEFENDANTS' MOTION FOR SUMMARY
    JUDGMENT AND ORDER TO SHOW CAUSE ON
    BENCH TRIAL - 14

resources is a reason to deny Mr. Johnson's request because Mr. Johnson offered to pay for a Zoom subscription and each person attending the meeting could participate on their own computer or by cell phone.

This also presents a genuine dispute of material facts. Although a reasonable factfinder could find the HOA's limited resources and remoteness were sufficient reasons to find Mr. Johnson's accommodation request unreasonable, a reasonable factfinder could also conclude the HOA could have searched for a different location with better internet and cell service, other than the Rose Valley Grange, or could have decided to hold the annual HOA meeting remotely, so that virtual attendance was feasible.

Finally, the parties disagree whether Defendants denied Mr. Johnson's accommodation request. Defendants argue because they offered to allow Mr. Johnson to come to the Grange Hall and set up computer equipment before the meeting, they did not deny Mr. Johnson's accommodation request.

The record shows that Mr. Krieger's January 28, 2022 email included the sentence, "If you want to set up a zoom go ahead." Dkt. 40-1 at Exh. A, p. 2. Yet it is unclear whether Mr. Krieger believed that setting up Zoom for Mr. Johnson meant that specialized equipment at the Grange Hall was necessary. Dkt. 40, Declaration of Carl E. Krieger, at 5, ¶21. Mr. Johnson informed Mr. Krieger that he also did not have the type of multimedia equipment to set up and stream a virtual meeting, outside the Zoom platform. Rather, he requested the ability to participate in the HOA meeting through Zoom which could be downloaded on members' cellphones without the need for additional equipment.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND ORDER TO SHOW CAUSE ON
BENCH TRIAL - 15

Based on all the circumstances, and drawing reasonable inferences in Mr. Johnson's favor, a factfinder could conclude that the HOA's unwillingness to download the Zoom platform on their cellphones and conduct the meeting remotely, or arrange for the annual meeting to occur at a location where cell and internet service was more reliable and Mr. Johnson would have been able to participate on Zoom with at least one person physically in the meeting connecting on Zoom with him, constituted a "denial" under the FHA.

Therefore, because there are genuine disputes of material fact, the Court DENIES Defendants' motion for summary judgment on Mr. Johnson's FHA claim.

## SUPPLEMENTAL JURISDICTION

The remaining claims against Raven Wood HOA are all state and county law claims. A federal court's supplemental jurisdiction over state law claims is governed by 28 U.S.C. § 1367, and exists when "a federal claim is sufficiently substantial to confer jurisdiction and there is 'a common nucleus of operative fact between the state and federal claims.' " *See Brady v. Brown,* 51 F.3d 810, 816 (9th Cir.1995). *See also Stevedoring Services of Am., Inc. v. Eggert,* 953 F.2d 552 (9th Cir.1992) (*citing S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1091 (9th Cir.1989)) (pendent claims must derive from a nucleus of operative fact held in common with claims for which there is an independent basis for federal jurisdiction, and they must be such that they ordinarily would be expected to be tried in a single proceeding with the federal claims).

Except for the emotional distress claim, Mr. Johnson has not alleged both federal and state law claims against a defendant whose singular conduct violated the laws of both jurisdictions. *See e.g., Fallar v. Compuware Corp.,* 202 F.Supp.2d 1067, 1071 n. 1

ORDER ON DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND ORDER TO SHOW CAUSE ON
BENCH TRIAL - 16

(D.Ariz.2002) (noting its original jurisdiction over plaintiff's federal ADA claim and its supplemental jurisdiction over claim arising under the Arizona Civil Rights Act).

The facts related to Raven Wood HOA's governing documents, and allegations concerning alterations to the private road and stormwater management, are different from the facts required to determine whether the HOA may be held liable under the FHA. Therefore, the Court finds the FHA cause of action arises from a different nucleus of operative facts, and the Court lacks supplemental jurisdiction over Claims II through IV, and Claim VI.

Claim V, a state law claim for infliction of emotional distress is related to the federal housing discrimination claim and that state law cause of action may proceed.

## CONCLUSION

For all these reasons, Defendants' motion for summary judgment on Mr. Johnson's FHA claim is DENIED. The Court declines to exercise supplemental jurisdiction over all of Mr. Johnson's county and state law claims except for Claim V for infliction of emotional distress; therefore, the surviving claims are Mr. Johnson's first claim -- the FHA disability discrimination claim against Defendants, and his fifth claim, under state common law, for infliction of emotional distress.

## ORDER TO SHOW CAUSE

Plaintiff stated in the Joint Status Report that he anticipated the Court would be holding a jury trial in this case. Dkt 19 at 7; Dkt. 22 at 10. The Defendants assert that a non-jury trial should be held. Dkt. 22 at 10.

It appears Plaintiff did not follow Fed. R. Civ. P. 38 or Western District of Washington Local Civil Rule (LCR) 38. He only checked the box on the civil cover

sheet, and did not place the words "JURY DEMAND" on the first page of the Complaint as required by LCR 38(b).

Checking the box on the civil cover sheet, without properly notifying the Court and opposing counsel of the jury demand by placing the words "JURY DEMAND" on the first page of the Complaint violates the requirements under Fed. R. Civ. P. 38 and LCR 38. This violation of the court rules may result in waiver of a jury trial. *Wall v. National R.R. Passenger Corp.,* 718 F.2d 906, 909-910 (9th Cir. 1983).

The Plaintiff is ordered to file a brief on or before April 18, 2025, to show cause why the Court should not set this case for a bench trial, and find he has waived the right to a jury trial by failing to follow Federal Rule of Civil Procedure 38(b) and the Local Rules of the Western District of Washington, LCR 38(b). The Defendants may respond to Plaintiff's brief by filing their own brief on or before April 25, 2025. There will be no reply brief.

Dated this 4th day of April, 2025.

Theresa L. Fricke
United States Magistrate Judge

ORDER ON DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND ORDER TO SHOW CAUSE ON
BENCH TRIAL - 18