1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

ROBERT A JOHNSON,

7
                            Plaintiff,
8
        v.
9
RAVEN WOOD HOMEOWNERS
ASSOCIATION, et al.,

10
                            Defendants.

Case No. 3:24-cv-05087-TLF

ORDER DENYNG PLAINTIFF'S
MOTION FOR ORDER TO SHOW
CAUSE

11
12          On May 16, 2025, Plaintiff moved the Court to enter an Order to show cause

13  regarding Defendants' legal authority to litigate the instant matter. Dkt. 56. Plaintiff also

14  moved to stay the trial and all related deadlines until Defendants establish the HOA has

15  the capacity to litigate and is being lawfully represented. Dkt. 56. Defendants filed a

16  response on June 6, 2025. Dkt. 61.[1]

17          Plaintiff argues the Raven Wood Homeowner's Association ("HOA") is governed

18  by James Hutchinson, whose election validity should be questioned because he has

19  "failed to appoint replacement directors, has exceeded the limited authority of an HOA

20

21  [1] Plaintiff asserts, in his motion for leave to file a reply brief, that Defendants' response is untimely and
was filed without leave of Court pursuant to Local Civil Rule 7(g). Local Civil Rule 7(g) pertains to
22  "requests to strike material in motions or briefs" and sur-replies. Plaintiff's "motion to show cause" was
noted for the Court's consideration on June 6, 2025, pursuant to Local Civil Rule 7(d)(3). Defendants'
23  response, which was filed on June 2, 2025, was timely; Defendants were not required to request leave
from the Court to file a response brief. Similarly, Plaintiff is not required to file a motion for leave to file a
reply brief. Plaintiff's motion is nonetheless granted, and the reply brief has been considered by the Court.
24  Dkt. 62.

25

ORDER DENYNG PLAINTIFF'S MOTION FOR ORDER
TO SHOW CAUSE - 1

1   president, and appears to have unilaterally retained defense counsel." Dkt. 56. Thus,

2   Plaintiff has moved the Court for an order to show cause on the basis the HOA is not

3   lawfully constituted and lacked the authority to retain legal counsel. Plaintiff asserts the

4   case should be stayed until there is a lawful HOA.

5       Defendants concede James Hutchinson is currently the President and the sole

6   board member. Dkt. 61. Defendants argue, however, there is no provision of the Raven

7   Wood by-laws or Washington state laws concerning nonprofit HOAs that would prohibit

8   an HOA from operating when there are vacancies or that would be interpreted to mean

9   an HOA is unlawfully composed due to vacancies on the board.

10      For example, Article VIII ("OFFICERS AND THEIR DUTIES"), Section 6 of the

11  Raven Wood by-laws, provides: "[a] vacancy in any office may be filled by appointment

12  by the board. The officer appointed to such vacancy shall serve for the remainder of the

13  term of the office replaced." Dkt. 56-2 at 4. Nothing in the bylaws prevents the HOA

14  from operating if there are vacancies.

15      The by-laws are consistent with the Washington Nonprofit Corporation Act, RCW

16  24.03A.535. Even in instances where there are no directors remaining in office, it is only

17  the attorney general that has the power to appoint one or more directors selected for

18  their interest and ability to carry out the purposes of the corporation. The Washington

19  Nonprofit Corporation Act does not prohibit a corporation from operating while

20  vacancies are being filled.

21      Further, both the Raven Wood HOA by-laws and the Washington Nonprofit

22  Corporation Act, permit the HOA to retain counsel and participate in the litigation. Article

23  VII, Section 1 of Raven Wood's Bylaws provides that the board "shall have power to (c)

24

25

ORDER DENYNG PLAINTIFF'S MOTION FOR ORDER
TO SHOW CAUSE - 2

employ a manager, or independent contractor, or other such employees as they deem

necessary, and to prescribe their duties. Article VII ("POWERS AND DUTIES OF THE

BOARD OF DIRECTORS"), Section 2(c) provides that the board has the duty to

supervise all officers, agents, and employees of the Association, and to see that their

duties are properly performed." Dkt. 56-2 at 3. Similarly, the Washington Nonprofit

Corporation Act states, every nonprofit corporation has the power to "sue and be sued,

complain[], and defend its corporate name," and "make contracts; make guarantees that

may reasonably be expected to benefit, directly or indirectly, the guarantor corporation;

incur liabilities; borrow money; issue notes, bonds, and other obligations; and secure

any of its obligations by mortgage or pledge of any of its property or income." RCW

24.03A.140.

Plaintiff has not provided sufficient reason for the Court to stay the trial until the

HOA has "lawful capacity or valid representation." Plaintiff's motion is DENIED. This trial

is reset to November 18, 2025.


Dated this 25th day of June, 2025.


*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge


ORDER DENYNG PLAINTIFF'S MOTION FOR ORDER
TO SHOW CAUSE - 3