UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT A JOHNSON,<br><br>                Plaintiff,<br>    v.<br><br>RAVEN WOOD HOMEOWNERS ASSOCIATION, et al.,<br><br>                Defendants. | Case No. 3:24-cv-05087-TLF<br><br>ORDER ON CARL KRIEGER'S MOTION TO SET ASIDE DEFAULT (DKT. 77) |

This matter comes before the Court on defendant Carl Krieger's motion to vacate the order of default. Dkt. 77. For the reasons discussed below, the Court GRANTS the motion to set aside default.

BACKGROUND

Plaintiff Robert Johnson filed his complaint *pro se* on February 1, 2024, against defendants Ravenwood Homeowners Association ("HOA") and Carl Krieger, the former president of the HOA. Dkt. 1. Mr. Johnson mailed requests to waive service to each defendant on February 7, 2024. Dkt. 6. The HOA waived service of the summons and complaint on February 23, 2024, and Mr. Krieger waived service of the summons and complaint on February 28, 2024. *See* Dkts. 7, 11.

Mr. Johnson submitted a Motion for Default Against Mr. Krieger on April 9, 2024. Dkt. 14. Mr. Krieger states he did not receive a notice of plaintiff's intent to move for an entry of default against him. Dkt. 78, Declaration of Carl Krieger, at ¶7.

ORDER ON CARL KRIEGER'S MOTION TO SET
ASIDE DEFAULT (DKT. 77) - 1

On April 11, 2024, attorney Danien Penta filed a Notice of Appearance on behalf of the HOA and Mr. Krieger in his official capacity. Dkt. 16. Only the HOA filed an answer to plaintiff's complaint. Dkt. 17.

On May 24, 2024, District Judge David G. Estudillo granted plaintiff's motion for entry of default against Mr. Krieger. Dkt. 18. Mr. Krieger states he was not notified of this Order. Dkt. 78 at ¶9.

Since then, the HOA and plaintiff have engaged in motion practice, with the Court granting in part and denying in part the HOA's motion for summary judgment on April 4, 2025. Dkt. 46. Mr. Krieger did not move for summary judgment but he did submit a declaration supporting the HOA's motion. Dkt. 40. The only two claims that remain in this case are plaintiff's Fair Housing Act claim and his common law infliction of emotional distress claim. Dkt. 46.

After the Court entered its Order on the HOA's motion for summary judgment, Mr. Penta filed a motion to withdraw as attorney for the HOA and Mr. Krieger (in his official capacity). Dkt. 64. The Court granted Mr. Penta's motion but ordered Mr. Penta to remain counsel of record for the HOA until another attorney entered a notice of appearance, or at the expiration of 30 days after the Order was entered. Dkt. 71. Attorney Maren Calvert entered a notice of appearance on behalf of *only the HOA* on September 10, 2025. Dkt. 73.

The Court ordered the parties to meet and confer and submit a joint status report with proposed deadlines for an updated pretrial scheduling order. Dkt. 74. In the HOA's joint status report, counsel for the HOA indicated she emailed plaintiff and sent a letter to Mr. Krieger asking them to meet and confer, as ordered by the Court, via Zoom. Dkt.

ORDER ON CARL KRIEGER'S MOTION TO SET
ASIDE DEFAULT (DKT. 77) - 2

76. On September 22, 2025, the HOA and Mr. Krieger met on Zoom, and Mr. Krieger indicated that he did not have any knowledge of what was happening in the lawsuit "because no one had communicated with him since being served with the complaint." Dkt. 76.

On September 29, 2025, Mr. Krieger retained Ms. Calvert as counsel to defend claims against him, acting as actual or purported president of the HOA, but not as an individual. *Id. See also* Dkt. 81. Mr. Krieger, through counsel, filed the instant motion on September 30, 2025.

The case is set for a jury trial to begin on February 9, 2026. Dkt. 79.

## DISCUSSION

The Court may set aside a default for good cause shown. Fed.R.Civ.P. 55(c). The Court considers (1) whether the moving party was willful or culpable in the default, (2) whether the non-moving party would be prejudiced if entry of default is set aside, and (3) whether the moving party has a meritorious defense. *See, e.g., Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir.1987).

"The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.,* 783 F.2d 941, 945-46 (9th Cir.1986) ("Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits").

The defendant in default bears the burden of demonstrating that the good cause factors favor setting aside default. *Azam v.* Brown, 714 F. App'x 663, 665 (9th Cir.

1  2017). To ensure that "cases should, whenever possible, be decided on the merits,"
2  courts resolve any doubt regarding whether to grant relief in favor of vacating default.
3  *Community Dental Services v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002) (citing *Falk v.*
4  *Allen*, 739 F.2d 461, 463 (9th Cir. 1984). *See also United States v. Signed Personal*
5  *Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010) ((finding denial
6  of motion to set aside default and entry of default judgment appropriate only in "extreme
7  circumstances").

    A. Culpable Conduct

Turning to the first of the three factors, the Court does not find that Mr. Krieger acted in bad faith by not answering plaintiff's complaint or by not filing a motion to set aside the entry of default (until now). *See Signed Personal Check No. 730 of Yubran S. Mesle,* 615 F.3d at 1092 (Defendant must have acted with "bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process."). Mr. Krieger was represented in his capacity as the former HOA president, yet Mr. Krieger states he was not informed of the ongoing filings and Court orders in the case. There is no evidence that Mr. Krieger acted willfully in failing to respond to plaintiff's complaint or with culpable intent. After Mr. Krieger was made of aware of the entry of default from his current counsel, Mr. Krieger acted promptly in filing the instant motion.

    B. Meritorious Defense

A party seeking to set aside the entry of default must allege sufficient facts that, if true, would constitute a defense. *See Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1094. However, this burden, which rests on the party seeking to set

ORDER ON CARL KRIEGER'S MOTION TO SET
ASIDE DEFAULT (DKT. 77) - 4

1  aside the default, is not extraordinarily heavy. *Id.* Mr. Krieger asserts possible
2  meritorious defenses against Mr. Johnson's Fair Housing Act claim and argues he
3  reasonably accommodated Mr. Johnson's request to participate in the HOA meetings
4  virtually. *See* Dkt. 70 at ¶¶15-21.

      C.  Prejudice to Mr. Johnson

      Finally, the Court considers whether Mr. Johnson's ability to pursue his claims would be hindered if the Court sets aside the default. To be prejudicial, the setting aside of a default must result in greater harm than simply delaying resolution of the case. *See Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1095.

ORDER ON CARL KRIEGER'S MOTION TO SET
ASIDE DEFAULT (DKT. 77) - 5

Mr. Johnson argument that setting aside the default would "require duplicative discovery and upend pretrial deadlines" does not demonstrate prejudice. The Court has not reopened discovery in this matter[1], and the trial has been set for February 9, 2026, with the consultation of Mr. Johnson and defendants' new counsel.

For all the foregoing reasons, Mr. Krieger's motion to set aside the default is GRANTED.

Dated this 17th day of November, 2025.

Theresa L. Fricke
United States Magistrate Judge

---

[1] Defendants assert in this motion that in their Joint Status Report they indicated a desire to re-open discovery. Dkts. 76, 77. Yet they have not filed any motion for such an order. The request has not been made by a motion; it would be ready for a decision by the Court only if the defendants file a proper motion to amend the scheduling order and a motion to reopen discovery (under W.D. Washington Local Civil Rule [LCR] 16(b)); the plaintiff can then respond to the motion(s), and defense would have an opportunity to reply. See Fed. R. Civ. P. 16 (b)(4). Such motion(s) may be filed on an expedited basis if appropriate procedures are followed under LCR 7(i), (j). And, with or without reopening discovery, each party has an obligation under Fed. R. Civ. P. 26(e) to continue to "supplement or correct its disclosure or response" in a timely manner. Failure to timely disclose or supplement discovery may result in sanctions, including a ruling from the Court that evidence would not be allowed to be used in a motion, in a hearing, or at trial. Fed. R. Civ. P. 37(c).