UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT A JOHNSON,

                    Plaintiff,

          v.

RAVEN WOOD HOMEOWNERS
ASSOCIATION,

                    Defendants.

Case No. 3:24-cv-05087-TLF

ORDER DENYING PLAINTIFF'S
MOTION TO STRIKE

This matter comes before the Court on plaintiff's motion to strike. Dkt. 90. Defendant Carl E. Krieger responded to the motion, and plaintiff filed a reply. Dkt. 96, 97. The motion is DENIED. Defendant's request for attorney's fees concerning plaintiff's motion to strike (Dkt. 96 at 1, 5) will be addressed by separate order after additional briefing.

## I.      Introduction

Plaintiff contends Defendant Krieger's answer is procedurally defective because it allegedly contains redundant material and improperly asserts a counterclaim at this stage of the litigation. Plaintiff also asserts that Defendant Krieger may not assert any defenses or seek relief in an official capacity and is prohibited from bringing a counterclaim precluded by the Court's prior summary judgment ruling. Plaintiff also contends that Defendant Krieger is not entitled to recover attorney fees, because plaintiff has brought civil rights claims, and the Fair Housing Act includes a fee-shifting

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE - 1

provision. In addition, Plaintiff also argues that Krieger's answer should be stricken due to a "hybrid representation". Neither party has requested oral argument.

## II.    Discussion

### A. Defendant Krieger's Answer is not Impermissibly Redundant, and Defendant's Attorney's Fees Counterclaim is not Improper.

Plaintiff asserts that under Fed. R. Civ. P. 12(f), Defendant Krieger should be precluded from making redundant assertions in his Answer. "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). A corporation can "act only through its agents", and if an agent acts within the scope of their employment the agent's actions are the actions of the principal. *Houser v. City of Redmond,* 91 Wn.2d 36, 40 (1978). Plaintiff does not identify actions taken by Mr. Krieger that would fall outside the scope of his employment as an official representative and agent of the Raven Wood Homeowner's Association; because defendant asserts he was acting as an official representative of the non-profit defendant there is necessary redundancy, so plaintiff's argument under Rule 12(f) is meritless.

Plaintiff also asserts that attorney's fees are not a proper counterclaim. Yet the Fair Housing Act statute allows the parties to claim attorney's fees and the plain language of the statute includes plaintiffs and defendants. 42 U.S.C. § 3613 (c)(2) ("the court, in its discretion, may allow the prevailing party. . . a reasonable attorney's fee and costs."). Although the statutory language would seem to give the trial court discretionary

authority to grant or deny a party's application for an attorney's fee award, "in fact, a district court's discretion not to grant attorney's fees and costs in civil rights cases is tightly cabined." *New Jersey Coalition of Rooming and Boarding House Owners v. Mayor and Council of City of Ashbury Park,* 152 F.3d 217, 225 (3d Cir. 1998).

In a civil rights case, the successful plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402 (1968) (interpreting 42 U.S.C. § 2000a-3(b)); *Leeds v. Watson,* 630 F.2d 674, 677 (9th Cir. 1980) (analysis under 42 U.S.C. § 1988); *New Jersey Coalition,* 152 F.3d at 255, n.6 ((citing *Indep. Fed'n of Flight Attendants v. Zipes,* 491 U.S. 754, 758-759 (1989) (observing that similar language in fee statutes of the different civil rights provisions should be interpreted alike)). A defendant may recover attorney's fees if plaintiff's lawsuit is "groundless or without foundation"; the Court must first make a finding that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith", or "the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n,* 434 U.S. 412, 421-422 (1978); *Green v. Mercy Housing, Inc.,* 991 F.3d 1056, 1057-1059 (9th Cir. 2021) (applying the *Christiansburg* reasoning to trial court's award of costs to defendant under the Fair Housing Act).

Yet, the court must be cautious, in cases with a pro se plaintiff, in evaluating whether to award attorney's fees to a defendant. *See Hughes v. Rowe,* 449 U.S. 5, 15-16 (1980) (per curiam); *Miller v. L.A. Cnty. Bd. Of Educ.,* 827 F.2d 617, 620 (9th Cir. 1987).

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE - 3

Plaintiff also seems to be arguing that Defendant Krieger should not have requested attorney's fees in a counterclaim. Dkt. 90 at 6. The defense argues that attorney's fees are an item of "special damage" under Fed. R. Civ. P. 9 (g) and must be specifically stated. Dkt. 96 at 4-5.

Normally, attorney's fees are requested after judgment, and the request is made by motion. Fed. R. Civ. P. 54(d)(2); *see Durrett v. Jenkins Brickyard, Inc.,* 678 F.2d 911, 914 n.3 (11th Cir. 1982) (stating that defendant's "counterclaim" was a premature motion for attorney's fees rather than an independent claim). Defendants have cited to Fed. R. Civ. P. 9(g), and there is authority to support the proposition that attorney fees in a civil rights case should be alleged in a pleading as special damages. *See Botosan v. Fitzhugh,* 13 F. Supp. 2d 1047 (S.D. Cal. 1998). This is not a viable reason to strike the defendant's answer.

### B. Plaintiff's Arguments Regarding Official Capacity Lack Merit.

Plaintiff argues Defendant Krieger is not allowed to sign the Answer, because this suggests "hybrid representation". This argument lacks merit because defense counsel entered a notice of appearance on behalf of Mr. Krieger. Dkt. 81, 82. Mr. Krieger has signed the Answer, and one of his attorneys also signed. This complies with Fed. R. Civ. P. 11(a). Therefore, he is represented by counsel, and the fact he added his signature and identified himself as "pro se" on the Answer does not violate the Federal Rules of Civil Procedure. If Mr. Krieger is representing himself pro se as an individual to the extent that plaintiff asserts any claims against him for conduct outside the scope of his employment as one of defendant's official representatives, and also is represented by counsel as to conduct taken within the scope of his employment in

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE - 4

leadership for the Raven Wood Homeowner's Association, the Court will address this as the case progresses.

### C. The Court's Previous Ruling Denying Summary Judgment Does Not Preclude Defendant Krieger from Litigation of Defenses, Counterclaims, or Attorney's Fees.

Mr. Krieger did not participate as a pro se party, or through counsel, until the Court overturned the order of default, after the Court granted his motion on September 30, 2025. Dkt. 77, 86, 87. The Court's scheduling orders prior to September 30, 2025, and the summary judgment decision filed by the Court on April 4, 2025 (Dkt. 46), did not include Mr. Krieger.

Plaintiff argues the Court's summary judgment decision precludes Mr. Krieger from defending himself by asserting facts and admitting or denying allegations in the Complaint, bringing affirmative defenses, or bringing a counterclaim for attorney's fees.

The law of the case doctrine provides "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). It is a judicial doctrine that aims to promote the efficiency of the courts, but it is not mandatory; the court retains ultimate discretion in determining whether to apply it. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). It applies to issues "decided explicitly or by necessary implication." *United States v. Lummi Nation*, 763 F.3d 1180, 1185 (9th Cir. 2014). If applied, exceptions only exist for clear error, intervening changes in the law, or substantially different evidence introduced on remand. *Stacy v. Colvin*, 825 F.3d 563,

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE -
5

567 (9th Cir. 2016). The Court may depart from the law of the case doctrine if there are "changed circumstances" or to remedy "manifest injustice." *Thomas,* 983 F.2d at 155.

Here, there are changed circumstances, and the Court declines to apply law of the case. The previous order of default is not in effect, and therefore Mr. Krieger must have an opportunity to litigate his defenses, regardless of the Court's summary judgment ruling concerning the entity defendant, Raven Wood Homeowners' Association.

### III.   Conclusion

Plaintiff's motion to strike on the basis of law of the case therefore is DENIED. The defendant's request for attorney's fees for plaintiff's motion will be addressed, but in a separate order after more complete briefing by the parties.

Dated this 20th day of January, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE - 6