UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT A JOHNSON,

                    Plaintiff,

        v.

RAVENWOOD HOMEOWNERS
ASSOCIATION AND CARL E. KRIEGER

                    Defendants.

Case No. 3:24-cv-05087-TLF

ORDER DENYING DEFENDANTS'
REQUEST FOR SANCTIONS

This matter comes before the Court on the Court's request for additional briefing regarding defendants Ravenwood Homeowners Association and Carl E. Krieger's request for attorney's fees in response to pro se plaintiff Robert A. Johnson's Motion to Strike Defendant's Answer, Affirmative Defenses, and Counterclaim (Dkt. 90). Dkt. 103.

Plaintiff alleged defendant Krieger's answer was procedurally defective because it allegedly contained redundant material under Fed. R. Civ. P. 12(f) and improperly asserted a counterclaim. Dkt. 90. He also argued that defendant Krieger could not assert defenses or seek relief in an official capacity and was prohibited from bringing a counterclaim under the "law of the case" doctrine based on the Court's summary judgment ruling. *Id.* The Court denied the entire motion on January 20, 2026, concluding that the arguments regarding official capacity and redundant answers under Rule 12(f) lacked merit and the "law of the case" doctrine was inapplicable. Dkt. 102.

ORDER DENYING DEFENDANTS' REQUEST FOR
SANCTIONS - 1

Defendants asserted the motion was "frivolous and has no basis in the FRCP and related law." Dkt. 96 at 5. Defendants requested an award of reasonable attorney's fees. *Id.* The Court ordered the parties to file briefs concerning the authority for sanctions and whether sanctions should be ordered. Defendants claim attorney's fees are available under 28 U.S.C. § 1927, Fed. R. Civ. P. 11, and the Court's inherent authority. Dkt. 105. Defendants requested that the Court utilize this authority to "(a) reimburse Defendants' their attorneys' fees in responding to the Motion to Strike; and (b) advise Plaintiff to stop unnecessarily increasing the cost of these proceedings." Dkt. 109 at 3.

The Court, having reviewed the record and defendants' briefing, declines to impose sanctions under § 1927, Rule 11, or its inherent authority.

**Discussion**

**A. Plaintiff's Untimely Response**

Defendants timely filed their supplemental brief in response to the Court's order requesting additional briefing on sanctions. Dkt. 103,105. Plaintiff filed his reply one day after the February 9, 2026 deadline and contemporaneously submitted a Motion for Leave to File Plaintiff's Response Out of Time. Dkt. 108. Although plaintiff sought relief under Fed. R. Civ. P. 6(b)(1)(B), his request did not comply with the U.S. District Court for the Western District of Washington Local Civil Rule ("LCR") governing requests for extensions of time.

Local Rules are "law of the United States." *United States v. Hvass*, 355 U.S. 570, 575–76 (1958). Courts construe pro se filings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, pro se litigants practicing in this district are required to comply

ORDER DENYING DEFENDANTS' REQUEST FOR
SANCTIONS - 2

with the local rules. *See Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants.").

Under LCR Rule 7(j) "[i]f a true, unforeseen emergency exists that prevents a party from meeting a deadline, and the emergency arose too late to file a motion for relief from the deadline" the parties should then contact opposing counsel to meet and confer regarding an extension and file a stipulation and proposed order with the Court. This Rule reflects the Court's strong preference for cooperative case management and resolving issues by agreement wherever possible to promote efficiency in the court system.

Plaintiff's response was due February 9, 2026. Dkt. 103. Plaintiff filed his response on February 10, 2026, with a motion under Fed. R. Civ. P. 6(b)(1)(B). Dkt 108. Plaintiff contends that he "acted in good faith and without delay," and "despite diligent efforts [he] was unable to complete and file the response by the original deadline." Dkt. 108 at 2. He also argues that the one-day extension would not prejudice defendants and that "Courts routinely grant short extensions under Rule 6(b) where, as here, good cause exists, and the delay is minimal." *Id.*

While a court may, in appropriate circumstances, grant short extensions where good cause is shown, plaintiff failed to follow the procedures of LCR 7(j), which provides the emergency procedure for relief from deadlines. He did not demonstrate he tried to confer with opposing counsel or seek a stipulated extension. It appears he contacted defendants for the first time regarding the extension when he served the motion on February 10, 2026. Dkt. 108 at 7. Because compliance with the Court's local rules is

ORDER DENYING DEFENDANTS' REQUEST FOR SANCTIONS - 3

mandatory and plaintiff failed to do so, the Court will not consider his responsive brief. All parties are required to adhere to local rules; here, failure to follow a local rule designed to promote efficiency and cooperation between parties will not be excused.

**B. Sanctions**

A court has broad authority to impose sanctions: under Rule 11, 28 U.S.C. § 1927, and the court's own inherent authority. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002). "Each of these sanctions alternatives has its own particular requirements, and it is important that the grounds be separately articulated to assure that the conduct at issue falls within the scope of the sanctions remedy." *Id.*

Courts should exercise caution when a litigant proceeds pro se because "pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987) (citing *Hughes v. Rowe,* 449 U.S. 5, 15 (1980*)* and *Reis v. Morrison,* 807 F.2d 112, 113 (7th Cir.1986)). Furthermore, courts should be weary of awarding attorney's fees when the court cannot conclude that the action may be dismissed without proceeding to trial. *Miller,* 827 F.2d at 620.[1]

- **28 U.S.C. § 1927**

Section 1927 authorizes courts to require "any attorney or other person admitted to conduct cases in any court of the United States" who "multiplies the proceedings in

---

[1] Defendant's reply cites *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978). Dkt. 109. The case is inapplicable because it deals with a different statutory scheme that gives the court the discretion to award attorney's fees to a prevailing defendant in certain civil rights lawsuits if the court finds that the plaintiff's action is "frivolous, unreasonable, or without foundation." *Id.* at 421.

ORDER DENYING DEFENDANTS' REQUEST FOR
SANCTIONS - 4

any case unreasonably and vexatiously" to personally satisfy the "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C.A. § 1927. The statute is intended to limit abuse of judicial processes and to discourage dilatory litigation practices. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 760 (1980).

Although § 1927 is most often applied to attorneys, it may also apply to pro se litigations in appropriate circumstances *See Wages v. I.R.S.*, 915 F.2d 1230 (9th Cir. 1990).

To impose sanctions under § 1927, the Court must find that (1) the attorney multiplied the proceedings; (2) the attorney's conduct was unreasonable and vexatious; and (3) the conduct resulted in an increase in the cost of the proceedings. *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1107 (9th Cir.2002), *overruled on other grounds by Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541 (2019). "The key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough." *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010). Section 1927 requires a showing of recklessness or subjective bad faith. *United States v. Blodgett,* 709 F.2d 608, 610 (9th Cir.1983); *New Alaska Development Corp. v. Guetschow,* 869 F.2d 1298, 1306 (9th Cir.1989). "…[i]f a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass.... [R]eckless nonfrivolous filings, without more, may not be sanctioned." *In re Keegan Mgmt. Co., Sec. Lit.,*78 F.3d 431, 436 (9th Cir.1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Est. of Blas v. Winkler,* 792 F.2d 858, 860 (9th Cir.1986).

Plaintiff arguably satisfies the first element by filing a motion that was meritless and required defendants to respond. Defendants argue his actions amount to bad faith because he attempted to "bury [defendant] Krieger in litigation paperwork, forcing him to beg, repeatedly, for the right to defend himself," which was "unnecessary and demeaning." Dkt. 105 at 4. Still, the record does not support a finding that plaintiff acted recklessly or in subjective bad faith to knowingly advance theories he knew to be frivolous or acted with the intent to harass. Accordingly, sanctions under § 1927 are unwarranted.

- **Rule 11**

The Court has discretion to impose sanctions under Fed. R. Civ. P. 11 "when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir.1994). Although Rule 11 applies to pro se plaintiffs, the Court must account for a plaintiff's pro se status when it determines whether the filing was reasonable. *Id.* (citations omitted).

Rule 11 mandates that, by presenting a paper to the court, an "unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

ORDER DENYING DEFENDANTS' REQUEST FOR
SANCTIONS - 6

Fed. R. Civ. P 11(b). "Under the plain language of the rule, when one party files a motion for sanctions, the court must determine whether any provisions of subdivision (b) have been violated". *Warren*, 29 F.3d at 1389.

The standard for deciding whether sanctionable conduct has occurred is objective. *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1248-49 (9th Cir.2015). If a submission violates Rule 11, the Court may impose on the person who signed the submission an appropriate sanction, including reasonable attorney's fees. Fed. R. Civ. P. 11(c)(4). However, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A–C Co.,* 859 F.2d 1336, 1345 (9th Cir.1988). Courts should "reserve sanctions for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.* at 1344.

Defendants argue that Rule 11 was violated because plaintiff failed to exercise due diligence and "simply made something up." Dkt. 105 at 6. Plaintiff's motion appears to have been an attempt to interpret and apply case law and the Federal Rules of Civil Procedure. While his motion was ultimately denied, the record does not demonstrate it was filed for an improper purpose or without any reasonable basis. Imposing sanctions under these circumstances may risk discouraging access to the courts, particularly for unrepresented parties. As the Ninth Circuit has cautioned "[i]t is essential that free access to the judicial system be maintained; Rule 11 was not intended to impede such access." *Operating Engineers,*859 F.2d at 1344. The Court declines to apply Rule 11 sanctions.

ORDER DENYING DEFENDANTS' REQUEST FOR
SANCTIONS - 7

- **Court's Own Inherent Authority**

"The inherent power of federal courts are those that are 'necessary to the exercise of all others.'" *Primus Auto. Fin. Servs., Inc. v. Batarse,* 115 F.3d 644, 648 (9th Cir. 1997) (citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764 (1980)). In sanctioning parties, "[c]ourts may not invoke [inherent] powers without a 'specific finding of bad faith.'" *Yagman v. Republic Ins.,* 987 F.2d 622, 628 (9th Cir.1993) (quoting *United States v. Stoneberger,* 805 F.2d 1391, 1393 (9th Cir.1986)). The Court has already found there is no evidence of bad faith in the record and declines to issues sanctions under its inherent authority.

## Conclusion

Although plaintiff's motion was denied on all grounds and resulted in additional proceedings, the record does not reflect the requisite standards required to impose sanctions under § 1927, Rule 11, or the Court's inherent authority. Accordingly, the defendant's request for reasonable attorney's fees is DENIED and the Clerk's office is directed to terminate plaintiff's Motion for Leave to File Plaintiff's Response to Defendants' Request for Attorneys Fees (Dkt. 108).

Dated this 3rd day of April, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING DEFENDANTS' REQUEST FOR
SANCTIONS - 8