UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT A. JOHNSON,

          Plaintiff,

   v.

RAVEN WOOD HOMEOWNERS
ASSOCIATION, et al.,

          Defendants.

Case No. 3:24-cv-5087-TLF

SUPPLEMENTAL PRETRIAL
ORDER

TRIAL DATE:
MAY 26, 2026

## I.  ACTION BY THE COURT

A.    <u>Court's voir dire and neutral statement of the case</u>

The Court held a hearing on May 26, 2026, and gave the parties the opportunity to object to the Court's voir dire and neutral statement of the case. Neither party objected to the Court's voir dire or neutral statement of the case.

B.    <u>Preliminary jury instructions and instructions during the course of trial</u>

The Court held a hearing on May 26, 2026, concerning the preliminary jury instructions. Neither party objected to the preliminary jury instructions.

The Court's preliminary jury instructions will be filed and will be given to the jury orally, and in hard copy form.

FINAL PRETRIAL ORDER - 1

C.      Evidentiary Rulings

The Court held a hearing on May 26, 2026, concerning evidentiary objections to a witness and various exhibits, as discussed below.

1.      Plaintiff's objection to witness Karen Krieger

The Court denies the objection. Plaintiff has not met his burden to show surprise or a violation of the disclosure rules, and disclosure of the witness happened exactly 30 days before trial (trial was set for May 26, the alleged disclosure was made April 26, 2026.). There is no Court order on the issue, and thus defendants were timely under Rule 26(a)(3)(B). The remaining parts of the objection are addressed by the order on Plaintiff's Motions in Limine A,B,C,D, (Dkt. 138 at 10-1) or are premature under the same reasoning (i.e., legal conclusions, undisclosed board deliberations, or an undisclosed collective-board-decision or ratification theory.).

2.      Exhibits

a.      Plaintiff's Exhibits:

**Exhibit P-4:** On the record, defendants expressly withdrew their objection to this exhibit.

**Exhibit P-5:** January 29, 2022 email thread between Plaintiff, Carl Krieger, and Association members regarding Plaintiff's request to attend the HOA annual meeting remotely, including the text of a letter from Marcus Asby, M.D.

Defense Objection: Hearsay

FINAL PRETRIAL ORDER - 2

Under Federal Rule of Evidence 801(c), "hearsay" means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.

On the record, defendants clarified their hearsay objection only addressed a quote attributed to Marcus Asby, M.D., reproduced below:

I even had my primary care doctor write a note as proof of the necessity for my request.

"To whom it may concern:

Robert Johnson would benefit from being able to attend the meeting remotely to help reduce the risk of COVID-19 with his underlying health conditions.

Sincerely,
Marcus L. Asby, MD
Salmon Creek Internal Medicine"

The above asserted note attributed to Marcus Asby, M.D. is inadmissible hearsay. This is not an assertion for the purpose of medical diagnosis or treatment. A statement is admissible under Rule 803(4) if it: "(A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." Fed. R. Evid. 803(4). A statement covered by Rule 803(4) is admissible as substantive evidence, regardless of whether the declarant is available to testify. *United States v. Kootswatewa*, 893 F.3d 1127 (9th Cir. 2018).

**The objection is granted in part, and denied in part. The evidence is admissible after redaction. Mr. Johnson is ORDERED to REDACT the portion that recounts the note from his doctor.**

FINAL PRETRIAL ORDER - 3

Plaintiff's testimony regarding his own physical condition and his understanding of the diagnosis and treatment, would be admissible. *See Stevenson v. Holland*, 504 F. Supp. 3d 1107, 1121 (E.D. Cal. 2020) (noting that while "medical diagnoses [are] beyond the competence of lay witnesses," a "lay witnesses can testify as to perceived symptoms (i.e., what is felt, exhibited, or experienced over time) and how a condition affects one's ability to function.").

**Exhibit P-6:** April 1, 2024 email thread from James "Jim" Hutchinson regarding meeting exclusion, lack of accommodation, and this lawsuit.

Defense Objection: Partial MIL

This is a 2024 e-mail chain with the new HOA President. Although the Court ruled specifically on allegations concerning the 2021 and 2023 meeting, information regarding 2024 meeting would be included in the MIL if used for liability. *See* MIL A ("As explained below, however, even though the asserted violations cannot be the basis for liability, evidence concerning both the 2021 and 2023 annual meetings may still be relevant or otherwise admissible in certain situations.").

**The objection is reserved for trial, and this is a premature objection and will be ruled upon if the evidence is offered at trial.**

      b.     <u>Defendants' Exhibit:</u>

**Exhibit D-1**: On the record, plaintiff expressly withdrew his objection to this exhibit.

FINAL PRETRIAL ORDER - 4

D.    <u>Final Jury Instructions and verdict forms</u>

The Court held a hearing on May 26, 2026, concerning defendants' asserted defenses and instructions regarding theories of "unclean hands," "good faith," and "laches." The Court also discussed the "mitigation of damages" instruction, see draft supplemental final jury instructions. Dkt. 153 at 9.

 1. <u>The Court declines to give an instruction on unclean hands, because that defense does not apply to an FHA claim.</u>

Based on Supreme Court precedent, "the unclean hands defense 'has not been applied where Congress authorizes broad equitable relief to serve important national policies.'" *Ramirez v. Greenpoint Mortg. Funding, Inc.*, 268 F.R.D. 627, 637 (N.D. Cal. 2010) (quoting *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995)). "The declaration of purpose for the FHA is to 'provide, within constitutional limitations, for fair housing throughout the United States.'" *Id.* (quoting 42 U.S.C. § 3601).

The "[Equal Credit Opportunity Act (ECOA)] and FHA both represent Congress's authorization of 'broad equitable relief to serve important national policies,' *McKennon*, 513 U.S. at 360, . . ." *Id.* (citing *Moore v. U.S. Dep't of Agric.*, 55 F.3d 991, 995-96 (5th Cir. 1995) (holding the unclean hands defense did not apply to an ECOA claim)). "[T]his Court finds that the rationale of *McKennon* is clearly applicable to the ECOA and the FHA" meaning the "unclean hands defense is therefore inapplicable here . . ."

FINAL PRETRIAL ORDER - 5

2.  **At this time, the Court declines to give an instruction for a generalized "good faith" defense.**

As the Court noted at the hearing, good faith appears to be a consideration for certain components of a Fair Housing Act claim. *See, e.g.*, *Matarese v. Archstone Pentagon City*, 795 F. Supp. 2d 402, 444, 454-55 (E.D. Va. 2011), *rev'd on other grounds by* 468 Fed. App. 283, 284 (4th Cir. 2012) (noting a defendant's good faith can be a factor for determining a punitive damages or a principal's vicarious liability); *see also Alexander v. Riga*, 208 F.3d 419, 433-34 (3d Cir. 2000) (noting similar principles for vicarious liability). However, the Court is unaware of authority permitting good faith to be asserted as a generalized defense against a Fair Housing Act claim.

The Court declines to give an instruction on good faith.  The Court may reconsider its decision if defendants offer authority supporting such a defense and instruction.

3.  **The Court reserves its ruling on whether to give an instruction for a "laches" defense.**

The Court declines to decide whether to give a "laches" instruction at this time. The Court will revisit this matter with the parties at the conference on final jury instructions – after the parties have presented all their evidence and both parties have rested but before the parties give closing arguments.

4.  **The Court reserves its ultimate ruling on whether to give a "mitigation" instruction.**

As the Court noted at the hearing, while it included the draft "mitigation" instruction (Dkt. 153 at 9), it reserves its ultimate ruling on whether to include the instruction depending on the evidence admitted at trial. *See Silver Sage Partners, Ltd.*

FINAL PRETRIAL ORDER - 6

*V. City of Desert Hot Springs*, 251 F.3d 814, 825 (9th Cir. 2001) ("Assuming without deciding" there is a duty for "plaintiff to do no more than is reasonable to avoid damages" and on that record, "purchasing the mobile home park without the benefit of the RHCP mortgage was not a reasonable option."); *see also Toucan Partners, LLC v. Hernando Cnty, Fla.*, 571 Fed. Appx. 737, 743 (11th Cir. 2014) ("the County did not present to the jury any numbers or otherwise attempt to quantify the damages Narconon could have avoided . . . Thus, when the district court instructed the jurors that they should reduce the amount of the plaintiff's damages by the amount that could have been reasonably realized if the plaintiff had taken advantage of reasonable opportunities to reduce or minimize its loss, we have no doubt they were confused and misled").

As for the remainder of the Court's final jury instructions, the Court will file an updated version of the proposed final jury instructions, and conduct a jury instruction hearing – after the parties have presented all their evidence and both parties have rested but before the parties give closing arguments. The parties then can object to, or request changes for, the Court's final instructions. After ruling on any objections or suggestions for changes, the Court will provide a copy of the final jury instructions to the jury before closing argument and will read the jury instructions aloud.

This Supplemental Order shall control the subsequent course of the action unless contrary to other Orders of the Court or modified by a subsequent Court Order.

FINAL PRETRIAL ORDER - 7

Dated this 27th day of May, 2026.


_Theresa L. Fricke_
Theresa L. Fricke
United States Magistrate Judge

FINAL PRETRIAL ORDER - 8